# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| MOHAMMAD BHUTTA | ) | |
| | ) | Case Number:  1:05-cr-125-01(LAK) |
| | ) | USM Number:  56517-054 |
| | ) | Gavin W. Scotti, Esq. 212-490-1840 |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

✓ pleaded guilty to count(s)     One through Seven

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC 371  | Conspiracy to Commit Mail Fraud | 12/31/2002 | One |
| 18 USC 1341 | Mail Fraud                       | 12/31/2002 | Two & Three |
| 26 USC 7201 | Income Tax Evasion               | 12/31/2001 | Four through Seven |

    The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

   Count(s)                    ☐ is    are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2010
Date of Imposition of Judgment

_signature_
Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

7/22/10
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/22/10

| | |
|---|---|
| DEFENDANT: MOHAMMAD BHUTTA | Judgment — Page 2 of 6 |
| CASE NUMBER: 1:05-cr-125-01(LAK) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**12 Months and 1 day on each count to run concurrently.** The defendant shall surrender to the Bureau of Prisons at the institution designated ("Bureau") by it for the commencement of service of the sentence on the date and by the time designated by the Bureau, which shall not be earlier than 9/15/10. If the defendant for any reason has not previously surrendered, the defendant shall surrender to the United States Marshal for this district, on the fourth floor of this building, on 9/15/10 before 2 p.m. Bureau

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | | Judgment—Page 3 of 6 |
|---|---|---|
| DEFENDANT: | MOHAMMAD BHUTTA | |
| CASE NUMBER: | 1:05-cr-125-01(LAK) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   3 Years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

✓ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✓ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MOHAMMAD BHUTTA
CASE NUMBER: 1:05-cr-125-01(LAK)

Judgment—Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with any financial information he or she may request.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the restitution payment schedule.

The defendant shall report to the nearest probation office within 72 hours.

DEFENDANT: MOHAMMAD BHUTTA
CASE NUMBER: 1:05-cr-125-01(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 700 | $ | $ 8,757,242 |

☐ The determination of restitution is deferred until ____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS | $8,757,242 | $8,757,242 | 100% |
| **TOTALS** | $ $8,757,242 | $ $8,757,242 | |

☐ Restitution amount ordered pursuant to plea agreement  $ ____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:05-cr-00125-LAK   Document 30   Filed 07/22/10   Page 6 of 14

| | |
|---|---|
| DEFENDANT: | MOHAMMAD BHUTTA |
| CASE NUMBER: | 1:05-cr-125-01(LAK) |

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ✓ Lump sum payment of $ 700 due immediately, balance due

☐ not later than _____ , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ✓ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✓ Special instructions regarding the payment of criminal monetary penalties:

Restitution payments shall be paid in monthly paymesnts equal to 20% of his income for the previous month up to $7,000 of income, plus 30% of any excess over $7,000 up to $20,000 of monthly income, plus 50% of any excess in monthly income over $20,000.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✓ The defendant shall forfeit the defendant's interest in the following property to the United States:
**See the attached Consent Order of Forfeiture so ordered by Judge Kaplan on 7/13/10.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA,     :   CONSENT ORDER OF FORFEITURE/
                              :   PRELIMINARY ORDER OF
                              :   FORFEITURE AS TO
          -v-                 :   SPECIFIC PROPERTY
                              :
MOHAMMED BHUTTA,              :   05 Cr. 125 (LAK)
                              :
          Defendant.          :
------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/21/10

WHEREAS, on or about March 11, 2005, MOHAMMED BHUTTA ("the defendant"), entered a plea of guilty to a seven-count Information, 05 Cr. 125 (LAK) (the "Information"), for conspiring to commit mail fraud, in violation of Title 18, United States Code, Section 371 in Count One; committing mail fraud, in violation of Title 18, United States Code, Section 1341, in Counts Two and Three; and evading the filing of federal income taxes, in violation of Title 26, United States Code, Section 7201, in Counts Four, Five, Six, and Seven;

WHEREAS, the Information included a Forfeiture Allegation, charging that the defendant shall forfeit to the United States all property constituting or derived from proceeds traceable to the commission of the offenses charged in the Information, to wit, the sum of money of at least $5 million representing the proceeds of the offenses;

WHEREAS, pursuant to the defendant's plea agreement (the "Agreement"), the defendant,

(i) agreed to repatriate the sale proceeds of real properties listed in Attachment A to the Agreement (the "Properties"), and to "take all steps necessary to sell the Properties to purchasers" approved by the U.S. Attorney's Office, "in arm's length transactions under the terms and conditions of written contracts" approved by the U.S. Attorney's Office (*id.*), and that the sale of the Properties and repatriation of the sale proceeds would take place "within 18 months of the date of execution" of the Agreement;

(ii) represented that he "is the beneficial owner of the Properties and that the Properties may be held in the names of third party nominees for the defendant";

(iii) agreed that the Properties in question were the following:

(a) The real property located at 792-800 Queenston Road, Stoney Creek, Ontario, Canada, more particularly described as Lot 3, Registrar's Compiled Plan 1405, Except Part 1, 62R8685, Lot 4, Registrar's Compiled Plan 1405, Except Parts 1 & 2, 62R8490, S/T CD446329, City of Stoney Creek, Regional Municipality of Hamilton-Wentworth, Province of Ontario, also known as Gulliver's Square shopping center,(the "Canadian Property");

(b) The real property located in Sikka Tehsil & District of Sailkot, Pakistan, Survey 30/40, 333 pieces of land, 2648 Kanals, 52960 Marlas;

2

(c) The real property located in Village Shobhangi Tehsil Deaska, District Sailkot; Survey 6800/174, 124 pieces of land, 38.1 Kanals, 778 Marlas; and,

(d) The real property located in Nadala Tehsil and District Sailkot; Survey 35/52, 66 pieces of land, 434 Kanals, 8689 Marlas (properties listed in (b) through (d), collectively the "Pakistan properties");

(iv) agreed to pay restitution to the Internal Revenue Service (IRS) for taxes owed in the amount of $12,409,607; and

(v) admitted to the forfeiture allegations in the Information, and agreed to forfeit to the United States, "the sum of $4 million which shall be paid by certified check or wire transfer made payable to the United States Marshal's Service";

WHEREAS, the defendant has been unable to sell the Canadian Property and the Pakistan Properties and has been unable to repatriate the sale proceeds;

WHEREAS, the defendant consents to the forfeiture of all of his right, title, and interest in the Canadian Property and the Pakistan Properties (collectively the "Subject Properties"), and to a money judgment in the amount of $4,000,000 in United States currency, representing all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in the Information;

WHEREAS, pursuant to 21 U.S.C. § 853(g), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rules 32.2(b)(3),

3

32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Properties to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff United States of America, by its attorney Assistant United States Attorneys, Jonathan Kolodner, Rosemary Nidiry, Assistant United States Attorneys and the defendant Mohammed Bhutta and Gavin W. Scotti, Esq., Esq. as counsel:

1.  As a result of the offenses in the Information, for which the defendant pled guilty, a money judgment in the amount of $4,000,000 shall be entered against the defendant, as part of his criminal sentence. Any proceeds obtained from the sale of the Subject Properties shall be applied in partial satisfaction of the money judgment in the amount of $4,000,000 entered against the defendant.

2.  Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture is final as to the defendant, Mohammed Bhutta, and shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3.  All of the defendant's right, title and interest

4

in the Subject Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

4. Upon entry of this Consent Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Subject Properties and hold the Subject Properties in its secure, custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Order of Forfeiture. Any person, other than the defendant in this case, claiming an interest in the Subject Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Propeties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest

in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Propeties pursuant to 21 U.S.C. 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11. The signature pages of this order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____      7/13/10
    JONATHAN KOLODNER/ROSEMARY NIDIRY    DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2561/637-1063

MOHAMMED BHUTTA
DEFENDANT

By: _____      7-13-10
    MOHAMMED BHUTTA                      DATE

By: _____      7-13-10
    GAVIN W. SCOTTI, ESQ.                DATE
    Attorney for Defendant
    280 Madison Avenue, 18th Floor
    New York, NY 10016
    (212) 490-1840

SO ORDERED:

_____          7/13/10
HONORABLE LEWIS A. KAPLAN               DATE
UNITED STATES DISTRICT JUDGE

Gavin Scotti, Esq.
Page 9

## Attachment A

1. The real property located at 792-800 Queenston Road, Stoney Creek, Ontario, Canada, more particularly described as:

> Lot 3, Registrar's Compiled Plan 1405, Except Part 1, 62R8685
> Lot 4, Registrar's Compiled Plan 1405, Except Parts 1 & 2, 62R8490, S/T CD446329
> City of Stoney Creek
> Regional Municipality of Hamilton-Wentworth
> Province of Ontario

also known as Gulliver's Square shopping center.

2. The real property located in Sikka Tehsil & District of Sailkot, Pakistan, Survey 30/40, 333 pieces of land, 2648 Kanals, 52960 Marlas.

3. The real property located in Village Shobhangi Tehsil Daska, District Sailkot; Survey 6800/174, 124 pieces of land, 38.1 Kanals, 778 Marlas.

4. The real property located in Nadala Tehsil and District Sailkot; Survey 35/52, 66 pieces of land, 434 Kanals, 8689 Marlas.

02.01.05